## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.), an individual; PMS II, LLC, a Delaware limited liability company, | **MEMORANDUM DECISION & ORDER** |
| **Plaintiffs,** | **Case No.  2:11-cv-00091** |
| **vs.** | **Chief District Judge Ted Stewart** |
| FORT KNOX SECURITY PRODUCTS, INC., a Utah Corporation, | **Magistrate Judge Dustin Pead** |
| **Defendant.** | |

This matter was referred to Magistrate Judge Dustin Pead by Chief District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A) (Document Number 21).  Currently before the Court is Defendant Fort Knox Security Products Inc.'s ("Defendant") Motion To Compel Plaintiff Charles Yeager ("Plaintiff) To Provide Full and Complete Deposition Testimony (Document Number 56).  The Court has carefully reviewed the motion and memoranda submitted by the parties.  The Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

## BACKGROUND

On October 16, 2012, during the course of Plaintiff's deposition, Defendant's counsel pursued a line of questioning related to paragraph thirty-eight (38)[1] of the Complaint:

---

[1]In its entirety, paragraph thirty eight (38) reads, "[o]n information and belief, in making the disclosure described above, Defendant was guilty of oppression, fraud, or malice, in that

Q:      [Defendant's counsel] [In paragraph 38 of the complaint] you claim that Fort

Knox and Tom James and TJ, the principals of Fort Knox, acted with oppression,

fraud or malice against you.  Do you really believe that these folks acted with

fraud or oppression or malice against you?

A:      [Plaintiff's counsel] Objection, that question calls for a legal conclusion.  It

inquires as to the basis for legal conclusion in a charging allegation in a pleading.

Lacks foundation and may—well, it is also compound as framed.  I will instruct the

witness not to answer.

Later, the attorneys again discussed the issue in the following exchange:

Q:      [Defendant's counsel] So are you—is your instruction regarding then—based on

what you've just stated, are you going to instruct him not to answer any questions

about the complaint that was filed?

A:      [Plaintiff's counsel] Look, you can ask him about factual background and factual

matters, which you've done.  You're of course free to do that.  But to ask him

about language drafted by lawyers in a charging allegation, including legal

conclusions, when he's told you he didn't have any hand in drafting it, I--.

---

Defendant made the disclosure with the intent to injure and annoy by utilizing General Yeager's established, well known name, likeness and identity with a willful and conscious disregard of his rights.  Plaintiffs therefore request an award of punitive damages."  (Document Number 2).

In response to Plaintiff's counsel's objection, Defendant's counsel indicated that he would reserve the right to re-depose Plaintiff on this issue after bringing Plaintiff's objection before the Court.[2]

Four months after the conclusion of the deposition, Defendant filed its currently pending motion to compel asserting that Plaintiff should be compelled to answer questions regarding the specific allegations contained in the Complaint (Document Number 56).  Plaintiff opposed the motion arguing:  (1) Defendant failed to meet and confer; and (2) at the deposition, Defendant raised an "improper contention question relating solely to legal allegations in the Complaint" (Document Number 62).

## ANALYSIS

As an initial matter, Plaintiff argues that the motion to compel should be denied because Defendant failed to include a certification indicating that it had in good faith attempted to meet and confer with Plaintiff regarding this issue.  *See* Fed. R. Civ. P. 37(a)(2)(B) (providing that motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"); DUCivR 37-1(a) (providing that "the court will not entertain any discovery motion. . . unless counsel for the moving party files with the court, at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion").

---

[2]Cited portions of the relevant deposition transcript, at Document Number 56-1.

Plaintiff asserts that Defendant's only meet and confer effort was during the October 16, 2012, deposition, and that the parties' conversation during the deposition was not sufficient to support a meet and confer effort under the rules (Document Number 62).

Upon review, the Court agrees with Defendant. First, Defendant specifically references its attempt to meet and confer during the course of the deposition and attaches a transcript of that conversation to its pending motion. Second, based upon its review of the transcript and the position taken by Plaintiff, the Court is not persuaded that a subsequent discussion would have been efficacious. While Plaintiff suggests another discussion should have been conducted during the four month time period between Plaintiff's deposition and the filing of the motion to compel, the Court finds that while such discussion may have been helpful in providing a more recent statement of the dispute, the dispute would remain nonetheless. As a result, the Court concludes that Defendant has satisfied his obligations under Rule 37 and local civil rule 37-1. *See* Fed. R. Civ. P. 37(a)(2)(B); DUCivR 37-1(a). The court also finds that Defendant's motion to compel along with those portions of the transcript in which the objection was raised, contain an adequate statement or certification that said obligation was satisfied. *See* Fed. R. Civ. P. 37(a)(2)(b); DUCR 37-1(a).

Plaintiff's second argument attempts to distinguish between factually based questions, which Plaintiff contends are permissible, and legal definition or element based questions, which Plaintiff contends are not permitted at a deposition because they are beyond the knowledge of a lay witness deponent. In accordance with this division between lines of questioning, Plaintiff asserts that he appropriately responded to deposition questions addressing the factual basis of the

4

complaint, and properly objected to questions inquiring into the legal definition of the terms

"fraud," "oppression," and "malice" (Document Number 62).  Defendant, on the other hand,

argues that Federal Rule of Civil Procedure controls and that counsel's instruction for Plaintiff to

not answer questions was in violation of the Rule (Document Number 65).

Federal Rule of Civil Procedure 30(c)(2) states:

[a]n objection at the time of the examination— whether to evidence,
to a party's conduct, to the officer's qualifications, to the manner of
taking the deposition, or to any other aspect of the deposition— must
be noted on the record, but the examination still proceeds; the testimony
is taken subject to any objection.  An objection must be stated concisely
in a nonargumentative and nonsuggestive manner.  A person may instruct
a deponent not to answer only when necessary to preserve a privilege,
to enforce a limitation ordered by the court, or to present a motion under
Rule 30(d)(3).

Pursuant to Rule 30(d)(3), a deponent:

may move to terminate or limit [the deposition] on the ground that it is
being conducted in bad faith or in a manner that unreasonably annoys,
embarrasses, or oppresses the deponent or party.  The motion may be
filed in the court where the action is pending or the deposition is being
taken.  If the objecting deponent or party so demands, the deposition
must be suspended for the time necessary to obtain on order.

Based thereon, the Court concludes that Plaintiff's counsel had one of two options on

how to proceed at the deposition, neither of which was exercised.  *See* Kingston v. Nelson, 2007

WL 2985046 *5 (D. Utah ) (finding deponent's counsel had two options when objecting to

questioning at deposition).  First, Plaintiff's counsel could have lodged his objections on the

record, and then proceeded to allow Plaintiff to answer the questions subject to the noted

objections.  *Id.* (citing Fed. R. Civ. P. 30(c)).  Second, if Plaintiff's counsel believed that

Defendant's counsel was acting in bad faith, or in a manner that unreasonably "annoy[ed],

embarrass[ed], or oppresse[d] the deponent," Plaintiff's counsel could have stopped the

deposition and sought a protective order pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure. *Id.* (citing Fed. R. Civ. P. 30(d)(3)).   Thus, despite Plaintiff's claims in his

opposition, which fail to even address or analyze Rule 30, the rules do not demarcate between

deposition questions addressing factual as opposed to legal matters.

As a result, the Court concludes that Plaintiff should have lodged his objection through

one of the two avenues specifically addressed under the Rule.  Having failed to do so, the Court

hereby grants  Defendant's motion to compel and orders Plaintiff to again appear for deposition

for the limited purpose of addressing Defendant's counsel's questions regarding Paragraph thirty-

eight (38) of the Complaint.  The deposition shall occur no later than twenty (20) days from the

date of this Order and shall not effect any of the other established discovery deadlines (Docket

Number 48).  At the deposition, Plaintiff and his counsel are ordered to fully abide by the

requirements of Rule 30.

In so ruling, the Court denies Defendant's request for reasonable expenses and attorney

fees incurred in bringing the motion to compel.  Pursuant to Federal Rule of Civil Procedure 37,

expenses and fees may be appropriately awarded against the party whose conduct necessitated the

motion to compel, unless: (i) the movant filed the motion before attempting in good faith to

obtain discovery; (ii) the objection or non-disclosure was "substantially justified"; or (iii) "other

circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(i)(ii)(iii).  Here,

the Court previously concluded that Defendants' counsel made a good faith effort to confer with

Plaintiff, and, given the clear directives set forth under Rule 30, the Court does not find that Plaintiff's objection was substantially justified.  *See* Fed. R. Civ. P. 37(a)(5)(A)(i)(ii).  Given, however, the unique culmination of factors present in this case the Court finds that an award of expenses would be unjust and therefore sanctions are not appropriate.  *See* Fed. R. Civ. P. 37(a)(5)(A)(iii) (reasonable expenses and attorney fees not awarded if "other circumstances make an award of expenses unjust").  Specifically, the Court finds that Plaintiff's objection was limited to an extremely narrow and discrete area of questioning and as a result the deposition was able to proceed in all other regards. *Cf.* Kingston v. Nelson, 2007 WL 2985046 *5 (D. Utah ) (numerous objections to questions throughout deposition).  Furthermore, Defendant waited four months after the deposition before filing its motion to compel.  For these reasons, the Court finds that an award of expenses would be unjust and therefore denies Plaintiff's request for sanctions.

## CONCLUSION

Based upon the foregoing, IT IS HEREBY ORDERED that Plaintiffs' motion to compel is GRANTED subject to the specifications set forth herein.  Plaintiffs' request for sanctions is DENIED.

DATED this 25th day of April , 2013.

BY THE COURT:

_____
DUSTIN PEAD
United States Magistrate Judge

7