IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.), an individual; PMS II, LLC, a Delaware limited liability company,<br><br>            Plaintiffs,<br><br>vs.<br><br>FORT KNOX SECURITY PRODUCTS, INC., a Utah Corporation,<br><br>            Defendant. | MEMORANDUM DECISION & ORDER<br><br>Case No.  2:11-cv-00091<br><br>Chief District Judge Ted Stewart<br><br>Magistrate Judge Dustin Pead |

This matter was referred to Magistrate Judge Dustin Pead by Chief District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A) (Dkt. No. 21).  Currently before the Court is Defendant Fort Knox Security Products Inc.'s ("Defendant") Motion To Quash Plaintiff General Charles Yeager and PMS II, LLC's ("Plaintiffs") Subpoenas Duces Tecum (Dkt. No. 79).  The Court has carefully reviewed the motion and memoranda submitted by the parties and concludes that oral argument would not materially assist in the determination of this matter.  *See* DUCivR 7-1(f).

### BACKGROUND

Pursuant to the parties stipulated Scheduling Order, fact discovery concluded on February 6, 2013 (Dkt. No. 48).

On February 25, 2013, attorney David Lambert of Howard, Lewis & Peterson entered his

notice of appearance, replacing Plaintiffs' former attorneys John Zarian and Kennedy Luvai (Dkt. No. 57). On March 11, 2013 the Court granted attorney Michael Alder's request for *pro hac vice* admission to serve as counsel for Plaintiffs (Dkt. No. 61). Thereafter, on March 20, 2013, and April 20, 2013, the parties filed their designation of experts and disclosure of expert reports (Dkt. Nos. 63, 67).

On April 26, 2013, Defendant filed a Motion for Summary Judgment specifically addressing Plaintiff PMII LLC's claims (Dkt. No. 70).

On June 3, 2013, Plaintiffs informed Defendant of their Notice of Intent to Serve Subpoenas Duces Tecum upon several non-party entities, including: (1) Banta Corporation; (2) Pres Publishing, Ltd., (3) Bushman Press, Inc.; (4) Press Publishing Inc.; (5) The Press Publishing Company; (6) KSL-TV; (7) KLS, Inc.; (8) KSL Broadcast Group; and (9) KSL 1160 (Dkt. No. 79-1).[1]

Thereafter, on June 7, 2013, Defendant filed a second Motion for Summary Judgment regarding all of Plaintiffs' claims (Dkt. No. 76). Both motions for summary judgment are currently pending before Judge Stewart.

On June 11, 2013, Defendant filed its pending Motion To Quash Plaintiffs' Subpoenas Duces Tecum (Dkt. No. 79). In support of its motion, Defendant asserts that Plaintiffs'

---

[1] The Court notes that Defendant's motion refers to and the actual subpoenas are directed to "KLS-TV, KLS, Inc., KLS Broadcast Group and KLS 1160". However, the corresponding addresses listed on the subpoenas (55 North 300 West, Salt Lake City, Utah) are the addresses of KSL-TV and Broadcasting, a local broadcasting group. Given the context of this dispute, the Court concludes that Defendant intended to subpoena local broadcaster KSL, and the Court has amended its decision accordingly.

subpoenas are untimely, prejudicial and fail to comply with local Rule 45-1 (Dkt. No. 95). *See* DUCivR 45-1 (providing that service on parties under Fed. R. Civ. P. 5(b)(2)(B),(C) or (D) shall be made at least eight (8) days prior to service of the subpoena on the nonparty). Plaintiffs, on the other hand, argue that the subpoenas seek crucial information regarding "various electronic, print, radio, and television advertisers that Defendant Fort Knox has used to advertise their safes to the public" (Dkt. No. 88).[2] Moreover, Plaintiffs argue that it was their former counsel who failed to seek non-party subpoenas, and that the subpoenas will not affect any of the pending dispositive motions. *Id.* Finally, Plaintiffs assert that their subpoenas are in "substantial compliance" with the local rule and that only two of the subpoenas served were in violation of DUCivR 45-1. *Id.*

## ANALYSIS

Upon consideration, the Court hereby grants Defendant's Motion To Quash Plaintiffs' Subpoenas Duces Tecum (Dkt. No. 79). In doing so, the Court concludes that the subpoenas are untimely and prejudicial to Defendants; fact discovery is long closed and two dispositive summary judgment motions are currently pending. Allowing Plaintiffs to issue subpoenas at this late hour would significantly "alter the evidentiary landscape" and could unfairly require the re-

---

[2] Plaintiffs' opposition to the pending motion to quash was due on June 28, 2013. *See* DUCivR 7-1(b)(3) (an opposition to a non-dispositive motion "must be filed within fourteen (14) days after service of the motion or within such time as allowed by the court"). Plaintiffs did not file their opposition until July 3, 2013, and in doing so failed to seek leave for an extension or to offer any explanation for their late filing (Dkt. No. 88). As a result, Defendants now seek to have Plaintiffs' Opposition stricken (Dkt. No. 95). While acknowledging the untimeliness of the Plaintiffs' opposition along with Defendant's request to strike, the Court addresses the Motion To Quash on its merits.

opening of fact discovery, the alteration of expert opinions and additional briefing on the currently pending dispositive motions (Dkt. No. 95).  While Plaintiffs argue that the subpoenas will not affect any dispositive motions, such position contradicts Plaintiffs' Rule 56(d) request currently before Judge Stewart, in which Plaintiffs seek to delay a ruling on summary judgment until after receipt and consideration of the subpoena productions (Dkt. Nos. 88, 90).  *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows. . . that for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.").

    Here, Defendant has properly participated in fact discovery, and in reliance upon facts obtained during the discovery process Defendant filed two currently pending dispositive motions for summary judgment.  Plaintiffs' failure to subpoena non-parties during the relevant fact discovery period should not be borne by the Defendant.  Moreover, while the Court is sympathetic to the challenges that arise from hiring new counsel and the concomitant change in litigation strategies, Plaintiffs' representation decisions should not result in prejudice to the Defendant.  Here, Plaintiffs failed to move for an extension or for leave to re-open discovery, instead choosing to inform Defendant of their intent to serve subpoenas after dispositive motions were filed.

    In so concluding, the Court finds it unnecessary to address the procedural irregularities, if any, pertaining to Plaintiff's non-party subpoenas.  *See*, DUCivR 45-1.

## CONCLUSION

Based upon the foregoing, IT IS HEREBY ORDERED that Defendant's Motion To Quash Plaintiffs' Subpoenas Duces Tecum is hereby GRANTED (Dkt. No. 79).

DATED this 18th day of July, 2013.

BY THE COURT:

_____
DUSTIN PEAD
United States Magistrate Judge