IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.), an individual; PMN II, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>FORT KNOX SECURITY PRODUCTS, INC., a Utah corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES<br><br><br>Case No. 2:11-CV-91 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Fort Knox Security Products, Inc.'s Motion for Attorney's Fees.[1] For the reasons discussed below, the Court will deny Defendant's Motion.

I. BACKGROUND

Approximately twenty-five years ago, Plaintiff Charles E. "Chuck" Yeager and Defendant entered into an oral agreement whereby Defendant provided Yeager a safe in exchange for authorization to use Yeager's proprietary rights to market Defendant's products. Over the years, the parties' agreement evolved to include additional obligations and benefits. Eventually the relationship deteriorated. Plaintiffs filed suit in January 2011, seeking damages for claims arising from Defendant's use of Yeager's proprietary rights.

Plaintiffs' Complaint asserted multiple causes of action, including the following two claims: (1) a violation of Plaintiff's statutory right to privacy and publicity, under California

---

[1] Docket No. 125.

1

Civil Code § 3344, Nevada Revised Statutes §§ 597.770–.810, and Utah Code §§ 45-3-2 to 45-3-4; and (2) false endorsement, under the Lanham Act, 15 U.S.C. § 1125(a).

Defendant submitted two motions for summary judgment. Before addressing the motions, the Court requested supplemental briefing regarding the parties' positions as to whether California, Nevada, Utah, or some other state's laws govern this suit. The parties agreed that Utah law applies and the Court granted summary judgment in favor of Defendant. Defendant now moves for attorney's fees.

## II. DISCUSSION

Defendant moves for attorney's fees under California Civil Code § 3344(a) and the Lanham Act, and for costs under Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920.

### A. CALIFORNIA CIVIL CODE § 3344

Defendant moves for an award of attorney's fees, pursuant to California Civil Code § 3344(a). Defendant argues that because Plaintiffs asserted a right-to-privacy claim based on a California statute, Defendant is entitled to attorney's fees under that statute. Defendant argues that this result is proper even though this Court concluded that California's statute did not apply. Plaintiffs argue that because Utah law governs the suit, California's statute is inapplicable.

Defendant argues that it is entitled to attorney's fees under California's statute because it defended against Plaintiffs' claims—including Plaintiffs' claim based on California's statute— for three years. In support of this position, Defendant urges the Court to follow the Ninth Circuit's holding in *Love v. Associated Newspapers, Ltd.*[2]

---

[2] 611 F.3d 601 (9th Cir. 2010).

*Love* involved, in relevant part, a statutory right-to-privacy claim asserted pursuant to California Civil Code § 3344 by a musician against companies involved in a British marketing campaign.[3] The district court dismissed the claim after determining that British law rather than California law governed.[4] The Ninth Circuit upheld the district court's decision to award attorney's fees to the defendants, concluding that although California law ultimately did not govern the claim, the plaintiff brought the claim under the California statute, which mandates attorney's fee awards to the prevailing party.[5]

The only authority cited in support of *Love*'s holding was another Ninth Circuit decision, *Cairns v. Franklin Mint Co.*[6] In *Cairns*, Princess Diana's estate and trustees of a Princess Diana Memorial Fund sued Franklin Mint after the mint produced and sold items depicting Princess Diana's likeness. One of the claims asserted was based on California's post-mortem right-of-publicity statute. The district court dismissed the claim after concluding that English law, rather than California law, governed the claim. After dismissal, the state legislature amended the statute. The plaintiffs sought reinstatement of the claim, arguing that the amendment indicated that California law, not English law, should govern the claim. The district court denied the plaintiff's request for reinstatement and awarded attorney's fees to Franklin Mint. The Ninth Circuit affirmed, explaining that even though California law did not govern the claim, California's post-mortem right-of-publicity statute mandated attorney's fees to the prevailing party.

---

[3] *Id.* at 606–07.
[4] *Id.* at 607.
[5] *Id.* at 614.
[6] 292 F.3d 1139 (9th Cir. 2002).

This Court is neither bound nor persuaded by the Ninth Circuit's conclusion that the claims in *Cairns* and *Love* were actions under the California statute within the meaning of section 3344. Moreover, the Court is convinced that it is not prudent to extend these holdings to the instant suit.

Section 3344(a) states, "The prevailing party in any action under this section shall also be entitled to attorney's fees and costs."[7] A statutory right-to-privacy claim asserted in a complaint and supported by a citation to section 3344 is not necessarily an action under that statute. As the instant case illustrates, such a claim may be more properly considered an action under a different state's statute. Where, as here, California law does not govern a statutory right-to-privacy claim, the Court finds that the claim is not under section 3344, within the meaning of that provision.

The Ninth Circuit's holding creates a perverse incentive for plaintiffs to invoke section 3344 when asserting statutory right-to-privacy claims, even when California law clearly would not apply. Doing so would ensure an award of attorney's fees to the prevailing party regardless of potentially contradictory governing law. The instant case illustrates the potential for the Ninth Circuit's rule to allow California's statute to overwhelm the governing state's law.

Utah's Abuse of Personal Identity Act provides for attorney's fees in a right-to-privacy claim as follows: "An individual whose personal identity has been abused under Section 45-3-3 of this act may bring an action against a person who caused the publication of the advertisement, and is entitled to injunctive relief, damages alleged and proved, exemplary damages, and reasonable attorney's fees and costs."[8] Under Utah law, only plaintiffs are entitled to attorney's

---

[7] Cal. Civ. Code § 3344(a).
[8] Utah Code Ann. § 45-3-4.

fees in right-to-privacy actions. Under California law, however, attorney's fees must be awarded to the prevailing party. Under the Ninth Circuit's rule, a court applying Utah law could be required to award attorney's fees to a defendant who is not otherwise entitled to attorney's fees under Utah law. Such a result is untenable.

Based on the foregoing, the Court declines to award attorney's fees based on section 3344.

B. LANHAM ACT

Defendant also seeks attorney's fees under the Lanham Act, 15 U.S.C. § 1117(a). The Lanham Act states, "The court in exceptional cases may award reasonable attorney fees to the prevailing party."[9]

In deciding whether a case is exceptional under this provision, the Court looks "to both the objective strength of a plaintiff's Lanham Act claim and the plaintiff's subjective motivations."[10] "An infringement suit could be 'exceptional' for a prevailing defendant because of (1) its lack of foundation, (2) the plaintiff's bad faith in bringing the suit; (3) the unusually vexatious and oppressive manner in which it is prosecuted; or (4) perhaps for other reasons as well."[11] No one of these factors is determinative.[12] Although proof of bad faith is not necessarily required, the prevailing defendant must show that the plaintiff "acted in an 'exceptional' manner, rather than merely in a wrong manner, before attorney fees can be

---

[9] 15 U.S.C. § 1117(a).

[10] *King v. PA Consulting Grp., Inc.*, 485 F.3d 577, 592 (10th Cir. 2007).

[11] *Nat'l Assoc. of Prof'l Baseball Leagues v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1147 (10th Cir. 2000).

[12] *Id.*

awarded."[13] Ultimately, "the award of attorney's fees is vested in the discretion of the district court."[14]

Defendant argues that Plaintiffs acted in an exceptional manner because Plaintiff Yeager had consented to the Defendant's use of Yeager's proprietary rights, Plaintiff Yeager's deposition testimony indicated that he was satisfied with the parties' arrangement, and Plaintiffs' claims were not timely filed. The Court does not agree. The issues of consent and Yeager's satisfaction with the parties' agreement were disputed at summary judgment and not resolved by the Court. Moreover, Plaintiffs advanced good faith arguments concerning the timeliness of the suit. Based on the foregoing, the Court is unable to conclude that Plaintiffs acted in an exceptional manner by filing the suit. Therefore, the Court will not award attorney's fees under the Lanham Act.

C. COSTS

Defendant also moves for an award of costs, pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920. Under both Rule 54(d) and local rule DUCivR 54-2, it is the Clerk of Court who may tax costs, if any. Defendant must make a request for these costs to the Clerk of the Court in accordance with Rule 54(d) and DUCivR 54-2. Although a judge or Clerk of Court may award costs under 28 U.S.C. § 1920, the Court instructs Defendant to combine its requests for costs under Rule 54 and § 1920 in a single Bill of Costs filed with the Clerk of the Court.

---

[13] *Id.* at 1149.
[14] *Id.* at 1146.

Therefore, the Court will not address Defendant's request for costs at this time. Either party may, however, move to review whatever costs are ultimately taxed, if any.[15]

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Attorney's Fees (Docket No. 125) is DENIED.

The hearing set for June 26, 2014, is STRICKEN.

DATED this 17th day of June, 2014.

BY THE COURT:

Ted Stewart
United States District Judge

---

[15] Fed. R. Civ. P. 54(d); DUCivR 54-2(d).